**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
———————————————————————x

LANA ARONNE, individually and on behalf of
all others similarly situated,

                  Plaintiff,

vs.

CREDIT CONTROL, LLC, a Missouri Limited
Liability Company; and JOHN AND JANE
DOES NUMBERS 1 THROUGH 10,

                  Defendants.
———————————————————————x

CASE NO.: _____

**CLASS ACTION**

**COMPLAINT FOR VIOLATIONS OF
THE FAIR DEBT COLLECTION
PRACTICES ACT**

**DEMAND FOR JURY TRIAL**

## I.    PRELIMINARY STATEMENT

1.      Plaintiff, LANA ARONNE, on behalf of herself and all others similarly situated,

brings this action for the illegal practices of Defendants, CREDIT CONTROL, LLC, ("CREDIT

CONTROL") and JOHN AND JANE DOES NUMBERS 1 THROUGH 10 (collectively,

"Defendants") who, *inter alia*, used false, deceptive, and misleading practices, and other illegal

practices, in connection with their attempts to collect an alleged debt from Plaintiff and other

similarly situated consumers.

2.      Plaintiff alleges Defendants' collection practices violate the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

3.      Such collection practices include, *inter alia*, sending consumers written

communications in an attempt to collect debts, which make false representations that the

consumers' alleged defaulted and charged-off credit card debts are continuing to accrue

daily interest, late charges, and other charges.

4.      The FDCPA regulates the behavior of collection agencies attempting to collect a

debt on behalf of another. Congress, finding evidence of the use of abusive, deceptive, and unfair

debt collection practices by many debt collectors, determined that abusive debt collection

practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a)-(e).

5.      The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

6.      To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); the threat to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

7.      The Plaintiff, on behalf of herself and all others similarly situated, seeks all available relief which may include statutory, actual and punitive damages, declaratory relief, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

## II.     PARTIES

8.      Plaintiff is a natural person.

9.      At all times relevant to this lawsuit, Plaintiff is a citizen of, and resides in, the

-2-

Hamlet of Massapequa, Nassau County, New York.

10.     At all times relevant to this complaint, CREDIT CONTROL is a limited liability company existing pursuant to the laws of the State of Missouri.

11.     CREDIT CONTROL maintains its principal business address at 5757 Phantom Drive, Suite 330, City of Hazelwood, St. Louis County, Missouri.

12.     Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 10, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

13.     Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 10, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw the violative policies and procedures used by the employees of CREDIT CONTROL that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by CREDIT CONTROL and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

## III.     JURISDICTION & VENUE

14.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337.

15.     Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because the Defendants are each subject to personal jurisdiction in the State of New York at the time this action is commenced.

-3-

## IV.    FACTS CONCERNING PLAINTIFF

16.    In or about or about November 2015, Plaintiff allegedly defaulted on a personal financial obligation for a Kohls Department Stores, Inc. private label credit card account issued and administered by Capital One N.A. ("Debt").

17.    The Debt is a retail store account which can only be used at Kohls Department Stores, Inc., or on its website, to purchase retail goods for personal, family, and household purposes.

18.    The Debt arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, and household purposes.

19.    The last payment concerning the Debt was made on October 20, 2015.

20.    On or about June 30, 2016, the creditor of the Debt determined the debt was uncollectable, and therefore decided to "charge-off" the debt.

21.    Creditors charge-off defaulted debts in accordance with federal regulations that permit the creditor to remove the debt from their financial records. *See* Victoria J. Haneman, *The Ethical Exploitation of the Unrepresented Consumer*, 73 Mo. L. Rev. 707, 713-14 (2008) ("a credit card account is characterized as a 'charge-off' account (or worthless account for taxable purposes) when no payment has been received for 180 days."). These charged-off accounts are treated as a loss and the creditor receives a tax deduction under the Internal Revenue Code.

22.    CREDIT CONTROL contends the Debt is in default.

23.    CREDIT CONTROL contends the Debt was "charged off" by the creditor on June 30, 2016.

24.    The Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

25. Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

26. Sometime prior to June 8, 2018, the creditor of the Debt either directly or through intermediate transactions, assigned, placed, or transferred, the debt to CREDIT CONTROL for non-legal collection purposes.

27. CREDIT CONTROL collects, and attempts to collect, defaulted debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. mail, telephone, and Internet.

28. CREDIT CONTROL is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

29. On or about June 8, 2018, CREDIT CONTROL mailed letter to Plaintiff in an attempt to collect the Debt. ("Letter"). A true and correct copy of the Letter is attached as *Exhibit A*, except the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account number and Plaintiff's home address to protect Plaintiff's privacy.

30. The Letter was mailed, or caused to be mailed, by persons employed by CREDIT CONTROL as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

31. The Letter was mailed to Plaintiff in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

32. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

33. The Letter lists a "Balance Due" of $3,332.47.

34. The amount of the Debt was static and would never increase during the time CREDIT CONTROL was hired to collect it.

35. The Letter states that, "[b]ecause of interest, late charges and other charges that may be assessed by your creditor that vary from day to day, the amount due on the day you pay, may be greater. Thus, it you pay the total amount shown within this notice, an adjustment may be

necessary after we receive your check, in which event we will inform you."

36.     The creditor of the Debt has not imposed interest on the Debt since it was
charged-off on June 30, 2016.

37.     The creditor of the Debt has not imposed late charges on the Debt since it was
charged-off on June 30, 2016.

38.     The creditor of the Debt has not imposed other charges on the Debt since it was
charged-off on June 30, 2016.

39.     The creditor of the Debt has not sent Plaintiff any periodic billing statements
since the Debt was charged-off on June 30, 2016.

40.     The creditor of the Debt did not hire CREDIT CONTROL to file a lawsuit against
Plaintiff to collect the Debt.

41.     CREDIT CONTROL will never file a lawsuit to collect the Debt it sought to
collect from Plaintiff.

42.     The creditor of the Debt may not legally or contractually impose interest on the
Debt CREDIT CONTROL sought to collect from Plaintiff.

43.     The creditor of the Debt may not legally or contractually impose late charges on
the debts CREDIT CONTROL sought to collect from Plaintiff.

44.     The creditor of the Debt may not legally or contractually impose other charges on
the debts CREDIT CONTROL sought to collect from Plaintiff.

45.     CREDIT CONTROL never contacts consumers who "pay the total amount shown
within this notice" to inform them "an adjustment may be necessary after [it] receive[s] [their] to
check".

46.     CREDIT CONTROL's statement that "if you pay the total amount shown within

this notice, an adjustment may be necessary after we receive your check, in which event we will inform you" is false, deceptive, and misleading because the "Balance Due" on the charged-off debts it is collecting for Capital One N.A. are static and do not increase.

47.     The statements on Letter are materially false, deceptive, and misleading in that, *inter alia*, they falsely suggest to consumers that the amount of their respective debts will increase *daily* due to an undisclosed amount of "interest, late charges, and other charges" that "vary from day to day."

48.     The statements on Letter are materially false, deceptive, and misleading in that, *inter alia*, they state the consumer will, as a consequence, owe an additional undisclosed sum of money after payment is received by CREDIT CONTROL.

49.     CREDIT CONTROL's materially false and deceptive statements contained in Letter would cause least sophisticated consumers to incorrectly believe they would benefit financially by immediately sending payment for the amount demanded rather than waiting to make such payment.

## V.     POLICIES AND PRACTICES COMPLAINED OF

50.     It is Defendants' policy and practice to engage in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10), by sending consumers letters, such as *Exhibit A*, that falsely state their charged-off debts are continuing to accrue interest, late charges, and other charges when, in fact, the amount of the debts are static and will never increase while CREDIT CONTROL is attempting to collect the debts.

51.     On information and belief CREDIT CONTROL's collection letters, in the form attached as *Exhibit A*, were mailed to at least 100 consumers in the State of New York.

## VI.   CLASS ALLEGATIONS

52.     Plaintiff brings this claim on behalf of a class, pursuant to Fed. R. Civ. P. 23(a)

and 23(b)(3).

53.     Plaintiff seeks to certify a Class consisting of

(a)     all individuals with addresses in the State of New York

(b)     to whom CREDIT CONTROL sent a collection letter in connection with

its attempt to collect a debt on behalf of Capital One N.A. to collect a

"Kohl's Credit Card Account," which debt was charged-off by the creditor

prior to the date the letter was sent to the consumer,

(c)     where the letter was sent between one year prior to the date this lawsuit is

filed and ending 21 days thereafter, and

(d)     the letter stated:

> "[b]ecause of interest, late charges and other charges that
> may be assessed by your creditor that vary from day to day,
> the amount due on the day you pay, may be greater. Thus,
> it you pay the total amount shown within this notice, an
> adjustment may be necessary after we receive your check,
> in which event we will inform you."

54.     The identities of all class members are readily ascertainable from the records of

CREDIT CONTROL, Capital One N.A., and Kohl's Department Stores, Inc.

55.     Excluded from the Class are the Defendants and all of their respective officers,

members, partners, managers, directors, and employees of the Defendants and their respective

immediate families, and legal counsel for all parties to this action and all members of their

immediate families.

56.     There are questions of law and fact common to the Class, which common issues

predominate over any issues involving only individual class members. The principal issues

-8-

whether the CREDIT CONTROL's written communications to consumers, in the form attached as ***Exhibit A***, violates 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10).

57.     The Plaintiff's claims are typical of the Class members, as all are based upon the same facts and legal theories.

58.     The Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

59.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)     **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Class defined above is so numerous that joinder of all members would be impractical.

(b)     **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the CREDIT CONTROL written communications to consumers, in the form attached as ***Exhibit A***, violate 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10).

(c)     **Typicality:** The Plaintiff's claims are typical of the claims of the Class members. Plaintiff and all members of the Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d)     **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the

Class members insofar as Plaintiff has no interests averse to absent Class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

60. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

61. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of her class certification motion: (i) seek to modify the definition of the Class (defined *supra*) to be more inclusive or less inclusive; seek to modify the definition of the Class claims (defined *supra*) to be more inclusive or less inclusive; and/or (iii) seek certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

## VII.   CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## (AGAINST ALL DEFENDANTS)

62. Plaintiff realleges and incorporates by reference the allegations in the preceding

paragraphs of this Complaint.

63.     The Defendants violated the FDCPA. Defendants' violations with respect to CREDIT CONTROL's written communications in the form of *Exhibit A* include, but are not limited to, the following:

(a)     Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

(b)     Making false, deceptive, and misleading representations concerning the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

(c)     Making false threats to take action that cannot legally be taken and/or that is not intended to be taken in violation of 15 U.S.C. §§1692e and 1692e(5); and

(d)     Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10).

## VIII.   PRAYER FOR RELIEF

64.     WHEREFORE, Plaintiff respectfully requests the Court enter judgment in her favor and in favor of the Class and against Defendants, jointly and severally, including:

(i)     An order certifying that this case may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Class previously set forth and defined *supra;*

(ii)     An award of statutory damages for Plaintiff and the Class pursuant to 15 U.S.C.

§ 1692k(a)(2)(B);

(iii)    An incentive or service award for Plaintiff, to be determined by the Court, for her services on behalf of the Class;

(iv)    Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(v)    For such other and further relief as may be just and proper.

## IX.    JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

DATED:    June 28, 2018

Abraham Kleinman (AK-6300)
KLEINMAN LLC
626 RXR Plaza
Uniondale, NY 11556-0626
Telephone: (516) 522-2621
Facsimile: (888) 522-1692
E-Mail: akleinman@kleinmanllc.com

*Attorney for Plaintiff, Lana Aronne, and all others similarly situated*