UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LANA ARONNE, individually and on behalf of all others similarly situated,

    Plaintiff,

vs.

CREDIT CONTROL, LLC, a Missouri Limited Liability Company; and JOHN AND JANE DOES NUMBERS 1 THROUGH 10,

    Defendants.

---

CASE NO.: 2:18-cv-03744-ADS-AYS

**CONSENT NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AGREEMENT**

**PLEASE TAKE NOTICE THAT** upon this Notice of Motion and Motion, Plaintiff, Lana Aronne, on behalf of herself and all others similarly situated, and on consent of Defendant, Credit Control, LLC ("Credit Control"), will move this Honorable Court, on a date and time to be determined by the Court in Courtroom 1020 at the United States Court House, for the Eastern District of New York, which is located at 100 Federal Plaza, Central Islip, New York 11722, for an Order certifying this case to proceed as a class action and granting preliminary approval of the Parties' class settlement agreement.

Specifically, the Parties will jointly request this Court, pursuant to Fed. R. Civ. P. 23, enter an Order certifying this case to proceed as a class action, and granting preliminary approval of their Settlement, on behalf of the following class:

> All persons with addresses in the State of New York to whom Credit Control, LLC mailed a collection letter between October 6, 2017, and July 19, 2018, to collect a debt on behalf of Kohl's Department Stores, Inc. which debt was charged-off by the creditor prior to the date the letter was sent to the consumer and the letter stated:
>
>> "[b]ecause of interest, late charges and other charges that may be assessed by your creditor that vary from day to day, the amount due on the day you pay, may be greater. Thus, it you pay the total amount shown within this notice, an adjustment may be necessary after we receive your check, in which event we will inform you."

In support of this motion, Plaintiff respectfully state the following:

1. On June 28, 2018, Plaintiff, individually and on behalf of a class, filed this lawsuit in the United States District Court for the Eastern District of New York, which is captioned as *Aronne v. Credit Control, LLC*, Case No. 2:18-cv-03744-ADS-AYS (the "Litigation"). [Doc. 1]. The Litigation alleges Credit Control violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.* by mailing collection letters to consumers which sought to collect debts that had been charged-off by the creditor but stated that, "[b]ecause of interest, late charges and other charges that may be assessed by your creditor that vary from day to day, the amount due on the day you pay, may be greater." *Id*. Plaintiff alleged Credit Control's foregoing letters were false, deceptive, and misleading because the amounts being collected never increased and, therefore, violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10). *Id*.

On October 11, 2018, Credit Control filed an Answer to the Complaint denying all liability to Plaintiff and the Class, and alleging numerous affirmative defenses including, *inter alia*, that any violation of the FDCPA was unintentional and resulted from a bona fide error notwithstanding its maintenance of procedures reasonably adapted to avoid such error. [Doc. 11].

Since the outset of the Litigation, the Parties, through counsel, have engaged in numerous arms-length discussions to resolve the case. In furtherance of those discussions, the Parties exchanged informal discovery regarding liability, class size, and damages and, based on that information, agreed to resolve this case on a class basis.

2. All requirements of Rule 23 of the Federal Rules of Civil Procedure are met.

3. Credit Control has denied all liability to Plaintiff and the Settlement Class. [Doc. 11]. However, Credit Control has provided documentation to Plaintiff's counsel concerning the number of Class Members. Specifically, Credit Control has disclosed there are approximately 2,949 persons who fit within the class definition and, therefore, are in the Settlement Class.

4. There are questions of law and fact common to the Settlement Class, which issues predominate over any issues affecting only individual class members. The common factual issue

is that Credit Control mailed Plaintiff and each Class Member *standardized*, computer-generated, collection letters seeking to collect debts that had been charged-off by the creditor, but which stated that "[b]ecause of interest, late charges and other charges that may be assessed by your creditor that vary from day to day, the amount due on the day you pay, may be greater." The common legal issues are whether Credit Control's foregoing collection letters violated 15 U.S.C. §§ 1692e(2), 1692e(5), and 1692e(10).

5. There are no individual issues other than identifying the individual class members, which is a ministerial task Credit Control has already accomplished through a review of its business records.

6. Plaintiff's claims are typical of those of the Class Members—all are based on the same alleged facts and legal theories.

7. The Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under various consumer protection statutes such as the FDCPA, class actions, and other complex litigation. Moreover, neither Plaintiff nor her counsel have any interests that might cause them not to vigorously pursue this action.

8. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, a class action is a superior method for the fair and efficient adjudication of this controversy in that:

   (a) Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute. 15 U.S.C. §§ 1692k(a)(2)(B) and 1692k(b)(2);

   (b) Most class members are unaware of their rights and have no knowledge their rights were allegedly violated by Credit Control;

   (c) The interest of class members to individually control the litigation is small given the absence of actual damages and because statutory damages in an individual action are limited to a recovery of *up to* $1,000.00; and

   (d) Management of this class action is likely to present significantly fewer difficulties than those presented in many class claims, *e.g.*, securities fraud.

9. Accordingly, Plaintiff, on Credit Control's consent, respectfully requests certification of a class action and preliminary approval of the Parties' class settlement agreement pursuant to Rule 23(b)(3). The grounds supporting class certification and preliminary approval are further explained and supported by the accompanying Memorandum of Law, the Declarations of Andrew T. Thomasson and Abraham Kleinman, the documents and pleadings on file with the Court, and any oral argument that the Court may entertain by the Parties' counsel with respect to this motion.

Respectfully submitted this 29th day of October 2018.

        *s/ Andrew T. Thomasson*
Philip D. Stern
Andrew T. Thomasson
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081-1315
Telephone: (973) 379-7500
E-Mail: philip@sternthomasson.com
E-Mail: andrew@sternthomasson.com

Abraham Kleinman
KLEINMAN LLC
626 RXR Plaza
Uniondale, NY 11556-0626
Telephone: (516) 522-2621
E-Mail: akleinman@kleinmanllc.com

*Attorneys for Plaintiff, Lana Aronne*